**IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

| | |
|---|---|
| MORAL ABRAM ) | PLAINTIFF |
| ) | |
| V. ) | CIVIL ACTION: 18-196 |
| ) | |
| UPSILON EPSILON CHAPTER OF OMEGA PSI PHI ) | |
| FRATERNITY, INC., OMEGA PSI PHI ) | |
| FRATERNITY, INC., RYAN DAVIS, JOHN ) | |
| DOES 1-5, and ABC CORPS. 1-5 ) | DEFENDANTS |

**COMPLAINT**
**JURY TRIAL DEMANDED**

COMES NOW Plaintiff Morale Abram, by and through counsel, and for his Complaint for damages against defendants Upsilon Epsilon Chapter of Omega Psi Phi Fraternity, Inc., Omega Psi Phi Fraternity, Inc., Ryan Davis, John Does 1-5 and ABC Corps. 1-5 pursuant to Rule 3(a) of the Mississippi Rules of Civil Procedure and will show unto the Court the following particulars, to wit:

**JURISDICTION**

1. This Court has proper subject matter jurisdiction over the action herein pursuant to the provisions of Section 9-7-81 of the Mississippi Code of 1972 and the Constitution, annotated, as amended. No other Court is vested with the exclusive subject matter jurisdiction of this action under the Constitution and Laws of the State of Mississippi and each of the claims of the Plaintiffs set forth herein, fall within the State of Mississippi's applicable Statute of Limitations.

This Court may properly assert *in personam* jurisdiction over the Defendants. This Court has *in personam* jurisdiction of each of the Defendants by virtue of the following facts and law:

a) Defendant, Upsilon Epsilon Chapter of Omega Psi Phi Fraternity, Incorporated, is subject

      to the *in personam jurisdiction* by the Court by virtue of the fact that they did and/or do business within the State of Mississippi and said Defendant committed a tort in whole or in part in this state against the Plaintiffs, as more fully set forth hereinafter.

b)    Defendant Omega Psi Phi Fraternity, Inc. (Omega Psi Phi National) is a Georgia corporation and is subject *to in personam* jurisdiction by the Court by virtue of the fact that they did and/or do business within the State of Mississippi and said Defendant committed a tort in whole or in part in this state against the Plaintiffs, as more fully set forth hereinafter.

c)    The facts giving rise to Plaintiff's claims occurred in the first judicial district of Hinds County, Mississippi. Therefore, jurisdiction is proper in the first judicial district of Hinds County, Mississippi.

d)    Defendant, Ryan Davis, is subject to the *in personam* jurisdiction of the Court by virtue of the fact that he committed a tort in whole or in part against the Plaintiffs, as more fully set forth hereinafter.

e)    John Doe 1-5 Defendants are individuals or corporations whose identities cannot be determined at this time. These defendants actions and/or inactions were the proximate cause of the Plaintiff's injuries. Upon discovery of the identities of said Defendants, same will be substituted.

f)    ABC Corps. 5-10 Defendants are individuals or corporations whose identities cannot be determined at this time. These Defendants are persons employed by the Defendants for the purpose of making the subject premises safe and/or persons or entities whose actions and/or inactions were the cause of Plaintiff's insjuries. Plaintiffs therefore sue said defendants by such fictitious names. Plaintiffs will amend and insert the exact name and identity of each of the Defendant Corps. when ascertained.

## VENUE

2. Venue is proper in this Court pursuant to the provisions of Section 11-11-3(1) of the Mississippi Code of 1972, annotated, as amended, in that this civil action arises out of negligent acts and omissions committed in the first judicial district of Hinds County, Mississippi, and the cause of action occurred and accrued in the first judicial district of Hinds County, Mississippi.

## PARTIES

3. Plaintiff, Morale Abram (hereinafter "Abram" or "Plaintiff") is an adult resident of the first judicial district of Hinds County, Mississippi.

4. Defendant, Upsilon Epsilon Chapter of Omega Psi Phi Fraternity, Incorporated ("Upsilon Epsilon Chapter," or "the fraternity") is a Mississippi organization. As an unincorporated association, Upsilon Epsilon Chapter is named by and through its member, Branford Frison and may be served through its current Basileus, Vice Basileus, Keeper Record, Keeper Finance or an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process as set forth in M.R.C.P. Rule 4(d)(4).

5. Defendant Omega Psi Phi Fraternity, Inc. ("Omega Psi Phi National") is a foreign nonprofit corporation with its principal address located at 3951 Snapfinger Parkway, Suite 202, Decatur, GA 3035-3204. It can be served through its registered agent, CT Corporation System, at 289 S. Culver St., Lawrenceville, GA, 30046-4805.

6. The Upsilon Epsilon chapter of Omega Psi Phi, Inc. and Omega Psi Phi, Inc., the national chapter, are collectively referred to herein as "the Omega Psi Phi defendants", "the fraternity" and/or "Omega Psi Phi." Where such terms are used, it is meant to be inclusive of both Omega Psi Phi defendants, to include the local Upsilon Epsilon Chapter and the national organization.

7. Defendant Ryan Davis (hereinafter "Ryan") is a resident of the state of Mississippi. Defendant Ryan Davis may be served at 125 Harrington Drive, Canton, MS 39046 or wherever he may be found.

8. Defendants John Does 1-5, are persons who were in some manner negligently and proximally responsible for the events and happenings alleged in this Complaint and for the Plaintiff's injuries and damages. The true, correct and/or complete names of Defendants, stated fictitiously as John Does 1-5, or as partially left blank in this pleading are unknown to Plaintiff. When the true and correct and full names of these Defendants are ascertained, Plaintiff will ask this court for leave to amend so as to insert their true and correct identities and to perfect service of process on the Defendants.

9. ABC Corps. 1-5 Defendants are individuals or corporations whose identities cannot be determined at this time. These Defendants are persons employed by the Defendants for the purpose of making the subject premises safe and/or persons or entities whose actions and/or inactions were the cause of Plaintiff's insjuries. Plaintiffs therefore sue said defendants by such fictitious names. Plaintiffs will amend and insert the exact name and identity of each of the Defendant Corps. when ascertained.

## FACTS

10. At all times relevant, the property located at 221 Lorenz Blvd, Jackson, MS was leased by, occupied by, and/or controlled by members of the Upsilon Epsilon Chapter of Omega Psi Phi fraternity and/or its members. At all times referenced, the Omega Psi Phi officers and/or members would host events at the "frat house."

11. At all times referenced herein, the residence located at 221 Lorenz Blvd., Jackson, MS, was referred to as the "Que House ", "Q House", "Da Frat House" and/or

"Fraternity House" by its officers and/or members. Such references were included on online advertisements and/or oral invitations for Upsilon Epsilon Chapter Omega Psi Phi events to be held at the property.

12. On or about the evening of October 28, 2016, and into the early morning hours of October 29, 2016, Upsilon Epsilon Chapter of Omega Psi Phi hosted a "frat" party (hereinafter, "Que" party) at and around a home located at 221 Lorenz Drive, Jackson, MS and said Chapter had promoted the Chapter event through word of mouth, flyers, Facebook, Twitter and/or other social media outlets as a "Que" party that was open for all to attend.

13. The "Que" party was hosted by the Omega Psi Phi defendants without adequate security, adequate security equipment, personnel and/or sober monitors to:(a) identify and remove groups or individuals engaging in dangerous or aggressive conduct; (b) to prevent alcohol from being served by fraternity members and consumed on the premises by underage individuals; (c) to identify and remove guests who may have had excessive amounts of alcohol at the event or prior to entering the event; and/or (d) to prevent or monitor underage drinking or violent conduct. The open invitation "Que" party was also hosted: (a) without a guest list; and (b) without being registered with the proper organizations.

14. Members of the fraternity provided alcoholic beverages such as, but not limited to, "Omega Oil" to people in attendance at the party.

15. Members of the fraternity walked around the party with bottles of alcoholic beverages in hand, asking attendees to lean their heads back and pouring liquor into the patrons/attendees mouths.

16. At all times relevant, Ryan Davis and other guests arrived at the Omega Psi Phi fraternity house.

17. At all times relevant, Ryan Davis and/or other party guests were intoxicated by alcohol and/or drugs and started exhibiting dangerous and destructive conduct.

18. At all times relevant, Moral Abram, along with friends (hereinafter "the Plaintiff") arrived at "Da Frat House" located at 221 Lorenz Blvd, Jackson, MS. At this time, several attending the frat party were gathered on the outside. As Morale stood in a crowd along with his friends, bursts of gunfire rang out. Morale was standing by his friend "Paco."

19. Upon hearing the gunfire, Morale attempted to run in the opposite direction of the sounds, however a bullet struck Morale in his leg and causing serious bodily injury, which caused Morale to incur medical bills.

20. Party attendee and defendant, Ryan Davis was later identified as the person who allegedly shot Morale.

## COUNT1:
## NEGLIGENCE

**COMES NOW** Plaintiff Morale Abram, for Count 1 of his petition against the Omega Psi Phi defendants, and states as follows:

21. Plaintiff incorporates herein each and every paragraph above, and below, as if set forth more fully herein, by reference.

22. That members, representatives, and/or agents of Omega Psi Phi failed to ensure to ascertain proper security adequate enough to secure a party of this magnitude, thereby causing a dangerous atmosphere of the kind exhibited on October 28, 2016. At all times relevant, the members were acting as agents and/or apparent agents and/or representatives of the Upsilon Epsilon of Omega Psi Phi. As such, and the Omega Psi Phi defendants are vicariously liable for the acts, omissions and conduct of John Does I-V.

23. Alternatively and/or in addition, Omega Psi Phi Fraternity, Inc, being an unincorporated association, acts by and through its officers and members, including but not limited to, acting by and through Chapter party hosts. As such, Omega Psi Phi is vicariously liable, and/or directly liable, for the acts, omissions and conduct of its members, including the conduct of its Chapter members, as set forth herein.

24. Alternatively and/or in addition, Omega Psi Phi National acts by and through its members and Chapter officers, including but not limited to, acting by and through Chapter members. As such, Omega Psi Phi National is vicariously liable, and/or directly liable, for the acts, omissions and conduct of its officers or members or apparent members, including the conduct of Chapter members, as set forth herein.

25. The unidentified member defendants and/or officers of Omega Psi Phi, were at all times hosting a fraternity party at 221 Lorenz Blvd., Jackson, MS and knew or should have known that violent conduct was likely to occur where the party was open to any and all guests, where alcohol was being served or allowed on the premises, where underage drinking was occurring, and/or where there were no sober monitors to monitor or supervise guests, including those guests that were intoxicated and/or became violent or aggressive. Party guests, including but not limited to, Ryan Davis, were intoxicated, and acting in a dangerous and aggressive manner, and had inflicted bodily harm on innocent bystanders at or near the subject fraternity house.

26. At all times relevant, officers, members and/or apparent agents of Omega Psi Phi knew or should have known of the aggressive conduct by its party guests, including knowledge that the dangerous and aggressive conduct was taking place. This included specific knowledge that aggressive and dangerous behavior was taking place on or near the fraternity

house's premises by guests attending the fraternity party.

27. The officers of the Omega Psi Phi Upsilon Epsilon did nothing to prevent or prohibit the dangerous environment set forth above. In fact, by silence, inactive approval, active approval, and/or active participation, the officers and/or apparent agents of the Omega Psi Phi Upsilon Epsilon approved and/or ratified the conduct of (a) aggressive, intoxicated guests remaining at an open invitation fraternity event, and (b) party guests participating in dangerous conduct.

28. Omega Psi Phi National, acting by and through its members and local chapter officers, is vicariously liable for the actions and inactions of the Omega Psi Phi Upsilon Epsilon officers and apparent agents, as set forth above.

29. As a result of the attack, Abram suffered serious injuries, including, but not limited to a bullet wound to his leg, torn ligaments and bruising when a bullet entered the leg of one bystander and exited wounding Abram.

30. At all times relevant, Omega Psi Phi National had a duty to oversee and supervise the Upsilon Epsilon of Omega Psi Phi, including: (1) to ensure that the Upsilon Epsilon was following Omega Psi Phi National's rules, policies and procedures with regard to hosting fraternity parties and events; (2) to ensure that the Upsilon Epsilon of Omega Psi Phi was conducting its fraternity parties in a reasonably safe manner, to include providing security and/or preventing alcohol on the premises when it was appropriate to do so; and (3) to ensure that the Upsilon Epsilon Chapter was otherwise not engaging in and/or permitting dangerous conduct to occur at or near its fraternity parties or events.

31. At all times relevant, the Upsilon Epsilon of Omega Psi Phi had a duty to follow Jackson State University and Omega Psi Phi National's rules, policies and procedures with

regard hosting fraternity parties and events, including but not limited to, those that pertained to hosting open invitation fraternity parties, providing security at fraternity parties, and prohibiting alcohol when appropriate to do so.

32. At all times relevant, the Upsilon Epsilon Chapter of Omega Psi Phi had a duty to conduct its fraternity parties in a reasonably safe manner, including: (1) to provide security to protect individuals on or near the premises of such parties from guests who become overly aggressive and/or intoxicated; (2) to prohibit alcohol during open invitation parties; and (3) to otherwise not engage in and/or permit dangerous conduct to occur at or near its fraternity parties or events.

33. The Omega Psi Phi defendants, acting by and through its officers, members, and/or agents, including Chapman and Jones, failed to exercise ordinary care and were negligent in the following ways, either individually, in the alternative, or in combination:

a) Promoting and hosting a fraternity event without proper security, security equipment or supervision to monitor violent behavior and/or intoxicated guests;

b) Promoting and hosting an open invitation fraternity event that

c) allowed aggressive groups and/or individuals to freely attend;

d) Failing to have a risk management plan for the event;

e) Failing to monitor for aggressive groups or individuals attending its chapter event;

f) Failing to monitor guests that may have had excessive amounts of alcohol or drugs prior to entering and during the event;

g) Allowing intoxicated guests to attend the fraternity event and/or to remain at the fraternity event;

h) Failing to monitor and/or prevent underage drinking;

i) Failing to remove aggressive groups or individuals from the event, including but not limited to, Ryan Davis;

j) Failing to have an adequate number of sober delegates at the fraternity event;

k) Failing to remove guests once they became unruly or exhibited dangerous propensities and/or aggressive conduct;

l) Failing to take precautions to ensure no one was injured, including those on or near the property controlled by the fraternity;

m) Failing to remove Ryan Davis from the event after he exhibited dangerous propensities;

n) Failing to stop, control and/or prohibit the dangerous conduct of party guests;

o) Using property controlled by Omega Psi Phi for dangerous activity;

p) Encouraging and/or engaging in dangerous conduct;

q) Allowing property controlled by Omega Psi Phi and/or its officers to be used For carrying on a dangerous activity;

r) Failing to gain control of its members, pledges, and/or guests who were engaging in dangerous conduct;

s) In hosting fraternity parties in violation of Jackson State University's rules, policies and procedures with regard to fraternity parties and events;

t) In hosting fraternity parties in violation of Omega Psi Phi National's rules, policies and procedures with regard to fraternity parties and events;

u) In hosting open invitation fraternity parties where alcohol was permitted and/or being provided to guests; and

v) In hosting a fraternity party where alcohol was present without a guest list.

32. Omega Psi Phi National failed to exercise ordinary care, and was negligent in the

following ways, either individually, in the alternative, or in combination:

a) Failing to implement proper policies for its members, officers and local Upsilon Epsilon with regard to fraternity parties or events;

b) Failing to properly monitor or supervise the Upsilon Epsilon and its parties or events;

c) Allowing the Upsilon Epsilon to promote and host events at 221 Lorenz Drive, Jackson, MS after it knew or should have known that it was unsafe to do so;

d) Allowing the Upsilon Epsilon to promote and host parties and events at 221 Lorenz Drive, Jackson, MS without proper security, security equipment and/or supervision;

e) Allowing the Upsilon Epsilon Chapter to promote and host parties and events at 221 Lorenz Drive, Jackson, MS without a risk management plan;

f) Failing to implement safety training and/or policies;

g) Failing to warn its local chapters about the risks attendant with hosting open invitation fraternity events;

h) Failing to warn its local chapters about the risks attendant with underage and/or excessive drinking;

i) Failing to warn its local chapters about the risks attendant with hosting open invitation fraternity events without security personnel;

j) Failing to warn its local chapters about the risks attendant with hosting fraternity events without sober monitors;

k) Failing to warn its local chapters about the risks attendant with fights and/or diffusing violent situations at fraternity events; and

l) Failing to warn its local chapters about the safety hazards and dangers associated with aggressive groups or individuals on the premises, guests who may have had excessive

amounts of alcohol prior to entering the event, and/or underage drinking.

33.     As a direct and proximate result of defendants' negligence set forth above, either individually, in combination, or in the alternative, plaintiff Morale Abram suffered injury, including but not limited to a torn ligaments, loss of motion, bruising, depression. He has been rendered nervous by the attack, has suffered pain and anxiety of body and mind, and has experienced emotional upset and personality changes. He has suffered all of the above injuries, pain, and damages since the date of the attack, suffers them at the present time, and will suffer them into the future, said injuries, pain, and damages being permanent, disabling, and progressive.

34.     Prior to the aforesaid injuries, Morale was an able-bodied man capable of doing and performing work and labor. As a direct and proximate result of his injuries, he has, and will in the future suffer, a loss of salaries, profits, earnings, and the ability to care for himself and his home. He has and will suffer an impaired and diminished capacity for work, labor, and pleasure.

35.     By reason of his injuries, Morale has paid, or became obligated to pay for, and will in the future pay or become obligated to pay for, items of expense including obtaining and receiving medical care and treatment. As a result of his injuries, Morale has required, and will in the future require, medical treatment.

WHEREFORE, plaintiff Morale Abram prays that he be awarded fair and reasonable damages against defendants, for punitive damages, for his costs expended herein, for post-judgment interest, and for all other relief deemed just and proper.

## COUNT II:
## PUNITIVE DAMAGES

COMES NOW Plaintiff Morale Abram, and for Count II of his petition against the Defendants, states as follows:

34. Plaintiff Morale Abram re-alleges, restates and incorporates herein by reference all the above-paragraphs, as if more fully set forth herein.

35. The Omega Psi Phi defendants had at all times relevant a duty to be informed and aware of, and to inform and warn their members of, the risks attendant with hosting open invitation fraternity events without security and where alcohol was permitted and/or being served. The Omega Psi Phi defendants were aware of, and/or should have been aware of, and/or had the duty to educate themselves and become aware of, the safety hazards and dangers associated with hosting open invitation events without security or supervision, including the risk that aggressive groups or individuals may attend the event that need removed, and/or that individuals become intoxicated at a fraternity party, or arrive at a fraternity party intoxicated, and then engage in dangerous conduct, including the knockout game and/or other aggressive conduct.

36. At all times relevant, the Omega Psi Phi defendants were aware of, and/or should have been aware of, the dangers posed by hosting open invitation parties involving alcohol where no or inadequate security was present, including but not limited to, the dangers and risks involving aggressive groups and/or individuals attending such a parties, who become intoxicated and engage in violent and aggressive conduct.

37. The Omega Psi Phi defendants knew, and/or should have known, that hosting unsupervised, open invitation events without adequate security, where alcohol was present, was a direct violation of Jackson State University's rules and represented a serious hazard and

danger to others. Defendants knew the events could turn violent and could result in severe injury to others, especially where no or inadequate security was present. Despite such knowledge, Upsilon Epsilon, by and through its officer, members and/or pledges, and vicariously Omega Psi Phi National, decided to ignore the dangers of hosting such events, refused and/or failed to warn and advise its officers or apparent members against such events, and affirmatively permitted, allowed, authorized and/or encouraged its officers and apparent members to hold such events on repeated occasions.

38.    Alternatively, and/or in addition, Upsilon Epsilon Chapter and Omega Psi Phi National's refusal to review and/or become knowledgeable of the dangers and safety risks associated with hosting open invitation events without adequate security personnel, and the defendants' failure and/or refusal to inform themselves, their chapters, and their members about holding open invitation events where alcohol was permitted, including the need to remove aggressive guests, was intentionally ignorant and recklessly indifferent to the safety of others. Defendant Omega Psi Phi National's refusal to inhibit these events, and/or take proper measures to ensure that Upsilon Epsilon Chapter was following all rules, was in conscious disregard of and reckless indifference to the safety of others, including Morale Abram. Defendants' conduct and/or intentional ignorance put the safety of others in danger, including those living next door to fraternity house at 221 Lorenz Drive, Jackson, MS. Ryan Davis and the Omega Psi Phi defendants' conduct as described above, was conduct done with willful indifference to the safety of others, including but not limited to, individuals at or near Upsilon Epsilon Chapter of Omega Psi Phi fraternity parties and/or individuals located on or near property controlled by the Upsilon Epsilon Chapter of Omega Psi Phi, including Morale Abram, and was conduct that was reckless and in conscious disregard of the rights and safety of others, thus warranting an award

of punitive damages.

39. The Omega Psi Phi defendants' conduct was done despite knowing that such conduct would, in its natural course, probably result in serious and significant injury to others. As such, the conduct was reckless and was done in knowing and reckless disregard of the rights and safety of others. Such conduct warrants the award of punitive damages so as to deter other corporations, organizations, fraternities and persons from engaging in like conduct in the future, and as punishment for the conduct engaged in by the Omega Psi Phi defendants on October 28, 2016.

WHEREFORE, plaintiff Morale Abram prays that he be awarded fair and reasonable damages against defendants, punitive damages, for his costs expended herein, for post-judgment interest, and for all other relief deemed just and proper.

## COUNT III:
## BATTERY

**COMES NOW** Plaintiff Morale Abram, and for Count III of his Complaint against Defendant Ryan Davis, states as follows:

40.  Plaintiff Morale Abram realleges, restates and incorporates herein by reference all the above paragraphs, as if more fully set forth herein.

41.  As described above, defendants subjected plaintiff to offensive and harmful bodily contact while plaintiff was outside his home.

42. The contact (as described above) was offensive and harmful in that it offended a reasonable sense of personal dignity of the plaintiff and injured plaintiff as described above.

43. Defendant intended to make offensive and harmful bodily contact with plaintiff.

44. As a direct and proximate result of the offensive and harmful bodily contact, as described above, plaintiff suffered from mental and emotional distress and a feeling of being violated, as well as the physical injuries described above.

45. The actions of defendants were willful, wanton, and in complete indifference to plaintiffs rights. These actions are sufficient to justify the award of punitive damages to deter said defendants, and other similarly situated defendants, from like conduct in the future.

**WHEREFORE**, plaintiff Morale Abram prays that he be awarded fair and reasonable damages against defendants, punitive damages, for his costs expended herein, post-judgment interest, and for all other relief deemed just and proper.

## COUNT IV: ASSAULT

**COMES NOW** Plaintiff Morale Abram, and for Count IV of his petition against Defendant Ryan Davis states as follows:

46. Plaintiff Morale Abram realleges, restates and incorporates herein by reference all the above paragraphs, as if more fully set forth herein.

47. Plaintiff apprehended offensive/harmful bodily contact as a result of defendants' actions.

48. As a direct and proximate result of the apprehension of offensive/harmful bodily contact, as described above, plaintiff suffered from mental and emotional distress and a feeling of being violated.

49. The actions of defendants were willful, wanton, and in complete indifference to plaintiff's rights. These actions are sufficient to justify the award of punitive damages to deter said defendants, and other similarly situated defendants, from the conduct in the future.

**WHEREFORE**, plaintiff Morale Abram prays that he be awarded fair and reasonable damages against defendants, punitive damages, for his costs expended herein, post-judgment interest, and for all other relief deemed just and proper.

This the 9th day of April, 2018.

Respectfully submitted,

MORALE ABRAM, PLAINTIFF

BY: _____
ELIZABETH R. CARR, MSB #101579
ecarr@blackmoncarr.com

OF COUNSEL:
JANESSA E. BLACKMON, MSB #101544
jeblackmon@blackmoncarr.com
BLACKMON CARR, LLC
215 KATHERINE DRIVE
FLOWOOD, MS 39232
601.933.0370 (PH)
601.933.0374 (F)