IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRCIT OF MISSISSIPPI
NORTHERN DIVISION

**MORALE ABRAM**                                                                                    **PLAINTIFF**

VS.                                                             CIVIL ACTION NO. 3:18-cv-458 HTW-LRA

**UPSILON EPSILON CHAPTER OF OMEGA
PSI PHI FRATERNITY, INC., OMEGA PSI
PHI FRATERNITY, INC., RYAN DAVIS,
JOHN DOES 1-5 AND ABC CORPS 1-5**                                    **DEFENDANTS**

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE
## OR FOR ADDITIONAL BRIEFING

Before the court is a motion **[doc. no. 26]**, filed by Defendant Omega Psi Phi Fraternity, Inc., ("OPP"), to strike Abram's Response to Defendant's Sur-rebuttal. OPP seeks to strike doc. no. 25. Alternatively, OPP seeks leave of this court to file a 'reply' to the 'response to the sur-rebuttal' [doc. no. 25]. Plaintiff Abram opposes this motion.

On July 6, 2018, Defendant Omega Psi Phi Fraternity, Inc. removed this case to this federal district court from the Circuit Court of Hinds County Mississippi. Plaintiff filed his ***Motion to Remand*** *Action to State Court and for Remand Related Discovery* on August 1, 2018. [doc. no. 14]. On August 10, 2018 Defendant OPP filed its ***Response in Opposition*** *to Plaintiff's Motion to Remand* [doc. no. 17]. As is the normal course, this was followed by Plaintiff's ***Rebuttal*** *in Response to Defendant's Opposition to Plaintiff's Motion to Remand* [doc. no 18].

Defendant OPP then sought leave of this court to file a 'rebuttal' to plaintiff's rebuttal, or, in other words, a sur-rebuttal. This court granted Defendant's motion and

allowed OPP to file a sur-rebuttal. To allow Plaintiff to have the last word in the matter, as contemplated by Rule 7(b)(4)[1], this court also allowed Plaintiff Abram the opportunity to file a response to OPP's sur-rebuttal.

OPP takes exception to the response filed by Abram to the sur-rebuttal. OPP contends that Abram added arguments, affidavits and exhibits not previously presented. OPP asks that this court either strike Abram's response or allow yet another round of briefing.

The briefing cannot continue indefinitely, but has to come to an end at some point. This court is persuaded that that point has been reached. This court is also persuaded that the response filed by Abram to the sur-rebuttal need not be stricken.

Both sides have had ample opportunity thoroughly to brief the issues. The additional briefing already done has resulted mainly in a re-hashing by both sides of the arguments previously presented. The motion to strike or for additional briefing **[doc. no. 26]** is **denied.**

SO ORDERED AND ADJUDGED, this 30th day of September, 2019.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

---

[1] **Rule 7(b)(4) states as follows:**
At the time the motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant must file a memorandum brief in support of the motion. Counsel for respondent must, within fourteen days after service of movant's motion and memorandum brief, file a response and memorandum brief in support of the response. Counsel for movant desiring to file a rebuttal may do so within seven days after the service of the respondent's response and memorandum brief.. . .
L.U.Civ.R. 7(b)(4).